RUTH C. PALLMAN *vs.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued June 7th—decided July 25th, 1933.

*Robert J. Woodruff,* with whom, on the brief, was *A. Oswald Pallman,* for the appellant (plaintiff).

*Thomas A. Grimes,* with whom was *Arthur W. Chambers,* and, on the brief, *John D. McHugh,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover damages for an attack alleged to have been

made upon her by a cat in a store owned and operated by the defendant. The trial court directed the jury to bring in a verdict for the defendant. The defendant in any event would not be liable unless it knew or should have known that the cat was of a vicious or mischievous disposition and hence liable to attack people. *Bischoff* v. *Cheney,* 89 Conn. 1, 92 Atl. 660; *Goodwin* v. *E. B. Nelson Grocery Co.,* 239 Mass. 232, 234, 132 N. E. 51; *Clinton* v. *J. Lyons Co., Ltd.,* L. R. (1912) 3 K. B. 198. The record is barren of any evidence tending to prove that the cat had, to the knowledge of the defendant or any of its servants or agents, ever before attacked any person or in any way displayed a vicious or mischievous disposition. It is true that the plaintiff testified that a clerk in the store at the time of the accident said to her that they were going to get rid of the cat the next day any way; but such a statement would afford no reasonable basis for an inference that the reason for the proposed action was because the cat was known to be vicious or mischievous. In the absence of evidence upon which the jury could base a finding of knowledge on the part of the defendant that the cat was vicious or mischievous, there was no reasonable basis upon which the jury could find a verdict for the plaintiff, and the trial court was correct in directing a verdict for the defendant.

There is no error.