STATE of Missouri ex rel. Joan Lee LAWRENCE, a minor, by Al Lawrence, her father and natural guardian, Relator,

v.

Hon. Marshall CRAIG, Judge of the Circuit Court of Mississippi County, Missouri, Respondent.

No. 7796.

Springfield Court of Appeals.

Missouri.

Dec. 3, 1959.

Ward & Reeves, Caruthersville, for relator.

Henson & Henson, Poplar Bluff, for respondent.

STONE, Presiding Judge.

█ In this original proceeding in mandamus, counsel for Joan Lee Lawrence, plaintiff in the damage suit against The Kroger Company for personal injuries alleged to have resulted from a dog bite in a Kroger market in Caruthersville, seek to compel respondent judge to direct defendant Kroger to answer interrogatories 11 and 12 (copied marginally[1]) propounded to Kroger in the damage suit. As we have seen in the prohibition proceeding in which other interrogatories in the same series have been scrutinized [State ex rel. Kroger Co. v. Hon. Marshall Craig, Mo.App., 329 S.W.2d 804 (No. 7792 handed down concurrently herewith)], the scope of examination on interrogatories under Section 510.020 RSMo 1949, V.A.M.S., is coextensive with that permitted on depositions and discovery of matters inadmissible in evidence is not authorized, even though such matters might aid the inquiring party in preparing for trial. So, our inquiry in the instant proceeding is whether interrogatories 11 and 12 seek to elicit information which would be relevant to the essential issues in the damage suit and would be admissible upon trial thereof.

█ The general rule is that a storekeeper is not liable to a customer for injury by dog bite, where the storekeeper did not know, and had no reason or opportunity to know, of the vicious or dangerous propensities of the dog;[2] and, counsel have cited no case for personal injury by dog bite, and we have found none, in which it has been held or even suggested that, simply by permitting a dog or dogs to be in his store, a storekeeper breaches his duty to exercise due care to keep his premises in a reasonably safe condition for use by invitees. As we pointed out in the companion prohibition proceeding, the gist of plaintiff Joan's pleaded cause of action is defendant Kroger's admittance of, or failure to eject, the dog alleged to have bitten Joan after Kroger

1. "11. Prior to October 26, 1957, was any employee of defendant instructed not to permit dogs upon the said premises of defendant? If so, state the substance of those instructions, by whom given, the person or persons receiving said instructions, and the respective dates.
   "12. Does defendant have any rules or regulations concerning the presence of animals upon premises controlled and occupied by defendant as a retail grocery business? If so, attach a copy of the said rules or regulations, or if said rules or regulations are oral, state the substance of them."

2. State ex rel. Kroger Co. v. Hon. Marshall Craig, Judge, Mo.App., 329 S. W.2d 804, and authorities there collected in footnote 11.

knew, or in the exercise of ordinary care could and should have known, of the vicious or dangerous propensities of that dog,

■ We recognize that, in several reported cases, rules or regulations promulgated by a defendant for the guidance of its employees in the performance of their duties have been admitted in evidence;[3] but, in each instance, such rules or regulations have had a material bearing upon, and clear relevance to, the act or omission upon which plaintiff has relied as constituting the negligence complained of. *If* defendant Kroger had "any rules or regulations concerning the presence of animals" upon its premises or instructed any employee "not to permit dogs" thereupon, violation of such rules, regulations or instructions would not, in and of itself, have constituted actionable negligence [Hoops v. Thompson, 357 Mo. 1160, 212 S.W.2d 730, 733(9); Foster v. Kansas City Rys. Co., Mo., 235 S.W. 1070, 1074]; and, in our view of the damage suit, evidence of any such rules, regulations or instructions or of any violation thereof could have no material bearing upon, or relevance to, the basic issue determinative of defendant Kroger's liability vel non in the damage suit, i. e., whether Kroger admitted, or failed to eject, the dog alleged to have bitten Joan after Kroger knew, or in the exercise of ordinary care could and should have known, of the vicious or dangerous propensities of that dog. Stated in another way, the very essence of plaintiff Joan's cause of action *as pleaded* is defendant Kroger's scienter, i. e., actual or constructive knowledge of the vicious or dangerous propensities of the dog alleged to have bitten Joan; and, evidence of violation (if so) of a rule, regulation or instruction (if any) concerning the presence of animals upon Kroger's premises would afford no fair and reasonable basis for an inference of Kroger's scienter of the vicious or dangerous propensities of that dog.[4]

Thus being of the opinion that any rule, regulation or instruction by Kroger "concerning the presence of animals" upon its premises would not constitute admissible evidence upon trial of the damage suit, we have concluded that respondent judge did not err in refusing to compel answers to interrogatories 11 and 12, and that our alternative writ of mandamus went down improvidently and should be quashed. It is so ordered.

McDOWELL and RUARK, JJ., concur.

3. Bond v. St. Louis-San Francisco Ry. Co., 315 Mo. 987, 288 S.W. 777, 783 (11); Foster v. Kansas City Rys. Co., Mo., 235 S.W. 1070, 1074(7); Schamel v. St. Louis Arena Corp., Mo.App., 324 S.W.2d 375, 377; Whitlow v. St. Louis-San Francisco Ry. Co., Mo.App., 282 S.W. 525, 534(11); Martin v. Kansas City Southern Ry. Co., Mo.App., 180 S.W. 1005; Paquin v. St. Louis & Suburban Ry. Co., 90 Mo.App. 118, 129

(5). See also Reed v. Missouri-Kansas-Texas R. Co., 362 Mo. 1, 239 S.W.2d 328, 330(2); annotation 50 A.L.R.2d 16.

4. In Pallman v. Great Atlantic & Pacific Tea Co., 117 Conn. 667, 167 A. 733, a statement by defendant's clerk "that they were going to get rid of the cat the next day" after it had attacked plaintiff afforded no basis for an inference that the cat was known to be vicious.