William WOLFF, Appellant,

v.

Richard RICHARDSON, Respondent.

No. 23489.

Kansas City Court of Appeals.

Missouri.

June 4, 1962.

Donald L. Randolph, Kansas City, for appellant.

Ernest H. Fremont, Jr., E. E. Thompson, Thomas A. Sweeny, Kansas City, Popham, Thompson, Popham, Trusty & Conway, Kansas City, of counsel, for respondent.

CROSS, Judge.

Plaintiff filed this action to recover damages for personal injuries resulting from a collision between an automobile he was driving and an automobile driven by defendant. Plaintiff has appealed from a jury verdict and judgment in favor of defendant.

■ Defendant has moved for dismissal of the appeal on the ground that plaintiff

has violated Civil Rule 1.08 [1] in that he fails to make a fair and concise statement of the facts in his brief and has not supported certain of his points by any citation of authorities. Although plaintiff's brief does not comply with Rule 1.08, we are able to determine from the whole brief the assignments of error and the points made under them. We decline to enter a dismissal and proceed to rule the case on its merits.

The collision occurred in the intersection of Forty-seventh Street and Troost Avenue in Kansas City, Missouri, on January 3, 1959, at approximately the hour of 7:00 o'clock A.M. The streets were covered with packed snow and were very slick. According to plaintiff's evidence it was daylight at the time of the collision. According to defendant's evidence it was still dark. Forty-seventh Street runs east and west, Troost Avenue north and south. Prior to the collision plaintiff was driving an automobile on Forty-seventh Street, in the north lane next to the curb, from the east, approaching the Troost Avenue intersection, intending to cross that street and continue west on Forty-seventh Street. Defendant was also driving his automobile on Forty-seventh Street, but from the west, and also approaching the intersection. He was traveling in the left hand lane for eastbound travel, next to the center line of Forty-seventh Street, intending to make a left hand turn, to the north, into Troost.

There is considerable conflict in the evidence. Plaintiff testified that as his vehicle approached the intersection he had slowed down from 10 or 15 miles per hour to a speed of less than 10 miles per hour. The traffic light was green for east and west travel. When plaintiff was 10 to 15 feet east of Troost, he observed defendant's car for the first time. It was also approaching the intersection, and was then about a car length west of Troost. Plaintiff stated that he was first to enter the

intersection and that after he had done so, defendant made a left turn in front of him. Plaintiff applied his brakes and skidded 10 or 15 feet to his left (southwest) into collision with defendant's automobile. Defendant had almost completed turning. His car was then 10 feet south of the north curb line of Forty-seventh Street. Plaintiff estimated defendant's speed at 5 miles per hour and stated that defendant did not sound his horn or give any signal for a left turn.

Defendant testified that as he approached Troost Avenue from the west he had turned on his signal lights for a left turn about a quarter of a block before he reached the intersection. When he first saw plaintiff's car it was then 75 feet east of the east curb line of Troost Avenue, traveling toward the intersection at about 15 miles per hour. At that time defendant's automobile was already in the intersection and 2 feet west of the center of Troost Avenue. Defendant completed his turn, and drove north at 5 miles per hour until he reached a position 2 feet south of the north curb line of Forty-seventh Street. At that point plaintiff, who had entered the intersection and applied his brakes, skidded northwest into defendant's vehicle, striking it from the rear half of the right front fender "on back". The directional signal light on the left front fender of defendant's car was still blinking after the collision.

Plaintiff's case was submitted on two alternative theories, to-wit: (1) that defendant negligently made a left turn in front of plaintiff's automobile without giving any signal; (2) that while defendant was in the intersection, intending to make a left turn, he negligently failed to yield the right of way when plaintiff's vehicle was approaching the intersection so closely as to constitute an immediate hazard.

Plaintiff's first assignment of error is that the judgment for defendant is contrary

1. Now Civil Rule 83.05, V.A.M.R.

to the evidence and against the weight of the evidence. This contention presents nothing within the scope of our properly exercised appellate authority.

■ It is a well established rule that when the plaintiff carries the burden of proof (as in this case), even though he makes a prima facie case by oral testimony, or by oral testimony and documentary evidence, *and even though the defendant offers no testimony in contravention,* the jury has the right to disbelieve plaintiff's evidence and return its verdict for the defendant. J. D. Streett & Co. v. Bone, Mo. Sup., 334 S.W.2d 5; Conser v. Atchison, T. & S. F. Ry. Co., Mo.Sup., 266 S.W.2d 587, 590; Baugh v. Life & Casualty Ins. Co. of Tenn., Mo.Sup., 307 S.W.2d 660.

In Dixon v. Edelen, Mo.Sup., 300 S.W.2d 469, the Supreme Court considered a plaintiff's contention that there was no substantial evidence to support the verdict in defendant's favor. In ruling against the contention that court said, "We need not develop the matter at length. It is sufficient to say that such a verdict is not required to have evidentiary support, but rests upon a finding by the jury against the party having the burden of proof". Also see Cluck v. Abe, 328 Mo. 81, 40 S. W.2d 558, and cases therein cited.

■ We consider the following statement, quoted from J. D. Streett & Co. v. Bone, supra, as controlling authority on the present issue: "Thus, it is the rule that where the burden of proof is on the plaintiff who relies on oral testimony, or upon documentary testimony that is not legally conclusive, or a mixture of both, to establish all or some of the essential elements of his cause of action a verdict in the defendant's favor is not required to have evidentiary support but rests upon a finding by the jury against the party having the burden of proof, and after the trial court exercises its discretion by overruling a motion for new trial, the appellate court, on the sole contention of abuse of discretion

thereby, will not entertain the contention". The assignment will not receive our consideration.

■ Plaintiff's remaining contentions are complaints of error in defendant's instructions, the first of which is directed against Instruction No. 5. That instruction essentially told the jury to return a verdict for defendant if they believed (1) that defendant, prior to executing the left turn described in evidence, "gave a timely, visible warning of his intention to make such left turn, by exhibiting a signal device in good mechanical condition, so as to be visible from both the front and rear of his said motor vehicle", and (2) that when defendant began to make a left turn, "the automobile operated by plaintiff was not within the intersection of 47th and Troost or so close thereto as to constitute an immediate hazard of danger of collision".

Plaintiff first urges that Instruction No. 5 is erroneous because it did not require the jury to find that defendant turned on his signal device. Amplifying the point, plaintiff says the instruction should have required the jury to find "that if defendant exhibited a signal device which would light up, such light was turned on". We think the charge of error is baseless. A motorist's duty to make turn signals is prescribed by Section 304.019, V.A.M.S., which defines the required signals as follows: "The signals herein required shall be given either by means of the hand and arm or by a signal light or signal device in good mechanical condition". The instruction requires a finding that defendant exhibited a "signal device in good mechanical condition". The required finding comports with the statute in exact, literal language. The evidence justifies the instruction because it shows that defendant turned on his signal light one-fourth of a block back from the intersection, that the turn indicator on the dash was ticking and blinking before the collision, and that after the collision the turn indicator light on the

front fender was still lighted and blinking. Under our assumption that the jury was composed of men of ordinary intelligence, we do not believe that they were mislead because the instruction did not specifically require them to find that the signal light was turned on. We think that finding was necessarily included in the required express finding that defendant gave a "* * * timely, visible warning * * * by exhibiting a signal device in good mechanical condition * * *". The turn light would have been neither timely nor visible if it had not been turned on. If plaintiff considered the instruction insufficiently or not clearly hypothesized, he should have offered a clarifying or amplifying instruction. Having not done so, he will not now be heard to complain. Hooper v. Conrad, 364 Mo. 176, 260 S.W.2d 496.

Further contending that Instruction No. 5 is erroneous, plaintiff insists that there is no evidence to support the permitted finding that when defendant began to make a left turn, plaintiff's automobile was not within or so close to the intersection as to constitute an immediate hazard. This contention is not consistent with or supported by the facts. Defendant testified that when he was already in the intersection and within 2 feet of its center, plaintiff's car was 75 feet away from its east boundary. We find no error in Instruction No. 5.

■ Plaintiff next contends that the trial court erred in giving defendant's Instruction No. 6, which submitted, as a defense, the issue of plaintiff's contributory negligence in failing to keep a lookout ahead. Plaintiff makes this contention on grounds that were not the subject of objection either at the trial or in the motion for a new trial, and which are asserted for the first time on this appeal. Therefore, we do not consider the point.

■ Plaintiff's next assignment is that the giving of defendant's burden of proof instruction (No. 8) was error "because the instruction is argumentative, repetitious, confusing, misleading, unfair comment and amounts to a lecture to the jury." The instruction is conventional in form and substance. In text it is almost identical to a burden of proof instruction which was considered in Byrd v. McGinnis, Mo.Sup., 299 S.W.2d 455, and held not erroneous. In our opinion Instruction No. 8 is not of undue length and does not possess the infirmities charged against it. Cases cited by plaintiff on this point do not support his contention. We consider it to be without merit.

■ Plaintiff's final point is that the trial court erred in giving defendant's Instruction No. 9. The substance of the instruction is that the mere fact plaintiff has brought suit is no evidence of negligence on the part of defendant resulting in plaintiff's injury; that negligence is not presumed in law but must be proven; that a verdict cannot be based on guesswork and speculation; and, that unless the jury can find that defendant was guilty of negligence proximately causing injury to plaintiff without resorting to guesswork and speculation outside the scope of the evidence, plaintiff is not entitled to recover. Plaintiff concedes that this is a cautionary instruction, "such as should be given with caution", but complains, without citing authority, that it appears to put the court "unfairly" on the side of defendant. The instruction correctly states the law. Almost identical instructions were approved by the Supreme Court in Le Grand v. U-Drive-It Co., Mo.Sup., 247 S.W.2d 706 and Gardner v. Turk, 343 Mo. 899, 123 S.W.2d 158. The giving or refusal of cautionary instructions is largely within the discretion of the trial court. In this case the trial court has endorsed the propriety of Instruction No. 9 by denying plaintiff's motion for a new trial. We will not disturb that court's action.

The judgment is affirmed.

All concur.