**Buddy AULGUR, Respondent,**

v.

**Ronald ZYLICH, Appellant.**

No. 24165.

Kansas City Court of Appeals.

Missouri.

April 5, 1965.

Motion for Rehearing and for Transfer to Supreme Court Denied June 7, 1965.

Application for Transfer Denied July 12, 1965.

---

Paul H. Niewald, Gordon, Adams, Niewald & Risjord, Kansas City, for appellant.

Ira K. Witschner, Thomas J. Conway, Jr., E. E. Thompson, Kansas City, for respondent.

CROSS, Presiding Judge.

This is an action for damages in the amount of $10,000.00 for personal injuries sustained by plaintiff on March 3, 1962, when an automobile driven by defendant was allegedly caused to run into and strike plaintiff while he was walking on a public street.

Plaintiff's petition was filed on March 22, 1962. On May 14, 1963, written interrogatories were propounded by defendant to plaintiff, inclusive of Interrogatory No. 8 which asked for names and addresses of persons having knowledge of the incident alleged in plaintiff's petition.

Plaintiff filed written answers to defendant's interrogatories on May 28, 1963 and in response to Interrogatory No. 8 stated, "I understand that there were two or three witnesses but their names are unknown to me at this time".

Trial of the case began on April 20, 1964 and was to a jury. During the trial plaintiff produced witnesses John Botkin and Helen Frazer and undertook to examine them concerning the accident. Defendant objected to their testimony on the ground their names had not been disclosed by plaintiff's answers to defendant's interrogatories. The trial court sustained defendant's objections and refused to allow the proffered witnesses to testify. Upon examination out of the jury's hearing they testified they were first interviewed as witnesses by plaintiff's attorney approximately two months prior to the trial.

The trial resulted in a jury verdict and judgment for defendant. Plaintiff timely filed a motion for a new trial based on the sole ground that the trial court committed prejudicial error in refusing to allow plaintiff's witnesses Frazer and Botkin to testify, because they were material eye witnesses whose testimony was essential to plaintiff's recovery. The motion is supported by allegations that plaintiff gave truthful answers to defendant's interrogatories, that the witnesses were found after such answers were made, and that no subsequent interrogatory was exhibited by defendant. The motion was sustained by the trial court and this appeal resulted.

The only issue in this appeal is whether the trial court erred in granting a new trial after refusing to admit the testimony of witnesses for plaintiff not disclosed by his answers to defendant's interrogatories.

Defendant concedes that plaintiff's answer to Interrogatory No. 8 was true at the time given. But, says defendant, the answer became incorrect approximately two months before trial when plaintiff found witnesses Botkin and Frazer, and it then be-

came plaintiff's duty to amend his answer or otherwise notify defendant of such discovery in order that he not be surprised and to afford him opportunity to prepare his defense. To hold otherwise, argues defendant, would defeat the purpose and intent of interrogatories which are designed to effect a full disclosure of witnesses in order that all parties might prepare for trial. It is defendant's contention that the trial court's action in refusing the testimony of plaintiff's witnesses was within its sound discretion, proper under the circumstances, and that the granting of a new trial was erroneous and to defendant's prejudice.

To the contrary, it is plaintiff's position that there was no continuing duty on him to amend his answer, which was truthful at the time it was filed, in order to communicate new information subsequently learned, particularly since defendant made no effort, after receiving plaintiff's original answer, to further avail himself of discovery procedures to learn whether plaintiff had obtained later knowledge of witnesses to the occurrence. It is suggested by plaintiff that if there is such continuing duty on a party, who has truthfully answered interrogatories, to keep his adversary informed of the results of his diligence in trial preparation—then it can be said that a litigant is compelled by his adversary to "go to work for him"—a state of affairs proscribed by Judge Stone in State ex rel. Lawrence v. Craig, Mo.App., 329 S.W.2d 810.

However, plaintiff's basic appeal contention is to the effect that the trial court was vested with judicial discretion to decide the question presented. Admitting that the trial court could have, in the exercise of its sound discretion, either refused or accepted the testimony of the witnesses when offered during trial, plaintiff argues that the court thereafter was still vested with a sound discretion to review its trial ruling, and, in the

exercise of that prerogative, to correct its own error by sustaining plaintiff's motion for a new trial.

■ Civil Rule 56.01, V.A.M.R., as supplemented by Civil Rule 57.01, requires a party to disclose, by answer to properly exhibited interrogatories, "the identity and location of persons having knowledge of relevant facts." There is no requirement by civil rule or statute that a party shall continue to furnish his adversary such information after having truthfully answered the interrogation originally propounded. To our knowledge no Missouri decision has so held.

Some authority on this question is found in federal decisions and in a limited number of state cases. The holdings are not uniform. Illustratively, it is held in Capone v. Norton, 8 N.J. 54, 83 A.2d 710, that if subsequent to the date of truthful and complete disclosure the interrogated party learns of additional witnesses he need not gratuitously provide the adverse party with the identity and location of such witnesses. To the contrary, it is held in Gebhard v. Niedzwiecki, 265 Minn. 471, 122 N.W.2d 110, that a party must disclose information received, after answering interrogatories, which is of substantial nature and which would render the previous answers untruthful, unreliable or incomplete.[1]

For the purpose of this appeal it is not necessary for this court to decide whether plaintiff was required by Missouri discovery rules to amend his original answers and advise defendant of information learned since filing them. The essential question for our decision is not whether plaintiff technically conformed to the prescribed procedures of civil practice. Our concern is whether *the trial court* acted within the bounds of its own authority.

1. For text authority see: 27 C.J.S. Discovery § 30(2), p. 88; Vol. 2A Barron & Holtzoff, Federal Practice and Procedure, Sec. 771.1. Annotation: Discovery-Disclosure of Witnesses, 27 A.L.R.2d, p. 737; Annotation: Interrogatories—Continuing Answers, 88 A.L.R.2d, p. 657.

■■ It is well established that the trial court has a broad discretion to choose a course of action during trial when evidence is challenged on the ground it has not been disclosed by answers to interrogatories. In the sound exercise of that discretion, the trial court may admit or reject such evidence, or otherwise determine and impose appropriate sanctions for violations of rules governing interrogatories. This rule is stated in Barron & Holtzoff, Federal Practice and Procedure, Vol. 2A, Section 776, p. 44 (1963–4 pocket part) as follows:

"DISCRETION OF THE COURT. The discretion of the court extends also to the determination of the sanction where the answer to an interrogatory is inaccurate. The situation occurs most often where a party, in response to an interrogatory asking for the names of witnesses of whom he has knowledge, fails to mention a particular witness known to him, and subsequently calls that witness at the trial. It is impossible to lay down any rule as to the proper course to be followed in such circumstances, and the sound discretion of the trial court should be respected. That court will consider the explanation, if any, for failure to name the witness in the answer to the interrogatory, the importance of the testimony of the witness, the need for time to prepare to meet the testimony, and the possibility of a continuance. In the light of all these factors it may then determine to permit the witness to testify, it may exclude the witness, or it may grant a continuance so that the other side may take the deposition of the witness or otherwise prepare to meet his testimony".

Missouri decisions are consonant with the rule above quoted. In Central & Southern Truck Lines, Inc. v. Westfall GMC Truck, Inc., Mo.App., 317 S.W.2d 841, the trial court, on the first day of trial, denied defendant leave to amend its original answers to interrogatories so as to name additional witnesses previously undisclosed, and thereafter refused to allow those witnesses to testify. Recognizing the breadth of the trial court's discretion to determine such questions, this court said: "In any event, the trial judge is to be accorded a broad and sound discretion when called upon to pass on this type of problem, and we find no abuse of that discretion by his refusal to permit the out-of-time filing of the amended answers to the interrogatories and his refusal to permit a newly named person therein to testify."

In Fitzpatrick v. St. Louis-San Francisco Railway Co., Mo.Sup., 300 S.W.2d 490, the trial court exercised its discretion *to allow* testimony on behalf of plaintiff which was based on locations and conditions he had not disclosed in answering interrogatories. Declining to interfere with the trial court's ruling, the Supreme Court said: "The trial court should be given a wide discretion to prevent the party propounding the interrogatory from being misled and prejudiced, as well as to protect the answering party against his own mistake or inadvertence. Under the facts of this case defendant has not shown itself to be prejudiced by the ruling and we hold that the trial court did not err in admitting the evidence."

And, in Critcher v. Rudy Fick, Inc., Mo. Sup., 315 S.W.2d 421, the reception of evidence on behalf of defendant, contrary to his answers to interrogatories, was held not to be error, in view of the trial court's wide discretion in ruling such question. In so ruling the Supreme Court stated: "Answers to interrogatories are not pleadings, and while in some circumstances the answers should have a limiting effect on the scope of proof at the trial, the trial court should be given a wide discretion to prevent the party propounding the interrogatories from being misled and prejudiced and to protect the answering party against his own mistake or inadvertence. * * * It has not been ruled that in no event can a party offer testimony contrary to the answers

given to interrogatories, and plaintiff has not demonstrated that she was prejudiced by the admission of the testimony in this case. Under the precise facts and circumstances presented on this appeal the admission of the testimony was not error."

■ Accordingly, we rule in this case that the trial court was vested with judicial discretion to accept or reject the testimony offered, or follow some appropriate alternate course of action, and that such discretion will not be interfered with if soundly exercised.

■ The trial court's discretion in the premises was not exhausted by its use for trial purposes. The trial ruling of the court excluding plaintiff's witnesses was no more than a preliminary or interim disposition of the issue. The filing of defendant's motion for a new trial reactivated the original question for *final* decision by the trial court in the exercise of the same discretionary power that authorized its original ruling. Thus, the court was afforded an opportunity to correct its own error. State ex rel. McNutt v. Northup, Mo.Sup., 367 S.W.2d 512.

■ Our action in this appeal is guided by well established rules. Trial courts are vested with discretionary authority over questions of fact *and matters affecting the determination of fact issues* in ruling on motions for new trial. McCandless v. Manzella, Mo.Sup., 369 S.W.2d 188. The trial court's discretion in granting a new trial is based on the advantage inherent in his opportunity to observe the entire trial, including the various incidents of the trial not ordinarily reflected in the printed record. Davis v. Johnson, 332 Mo. 417, 58 S.W.2d 746. This is particularly true where (as in this case) the record on appeal is abridged and incomplete. Baker v. Brown's Estate, 365 Mo. 1159, 294 S.W.2d 22. An appellate court will not interfere with a trial court's discretionary new trial ruling unless there has been an abuse of that discretion, Sapp v. Key, Mo.Sup., 287 S.W.2d 775, and it will be presumed that the trial court properly exercised its discretion, Paepke v. Stadelman, 222 Mo.App. 346, 300 S.W. 845.

■ A rule most frequently repeated is that appellate courts are more liberal in upholding a trial court's action in granting a new trial than in denying it. See Stone v. Engler, Mo.Sup., 349 S.W.2d 38 and cases found in Vol. 3, Missouri Digest, Appeal and Error, ☞ 977(3). The reason for this rule which discriminates in favor of grants of new trials is that "they are not decisive of the case, but only open the way for a reinvestigation of the entire case on its facts and merits." 5A C.J.S. Appeal and Error § 1619 p. 136.

■ Our review of the entire record under the foregoing rules does not cause us to believe that any abuse of the trial court's vested discretion resulted from its sustention of plaintiff's motion for a new trial. We believe it was the inherent privilege of the court, upon subsequent deliberate, unhurried consideration, to reverse the ruling it had made under the stress and pressure of trial urgency. Furthermore, we find no manifest injustice to defendant resulting from such action. The order granting a new trial is not decisive of the case, but merely opens the way for its determination on the merits—a course which the law generally favors. A retrial will not only obviate the element of surprise to defendant but will also afford plaintiff an opportunity to present evidence vital to his cause of action. It is our conclusion that the judgment should be affirmed.

It is so ordered.

All concur.