Arnetta Nadine GARRISON,
Petitioner-Respondent,

v.

Asa Bartee GARRISON,
Respondent-Appellant.

Nos. 44630, 44908.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 31, 1982.

Motion for Rehearing and/or Transfer
Denied Oct. 15, 1982.

Application to Transfer Denied
Nov. 15, 1982.

Before KENNEDY, P.J., and WASSER-STROM and MANFORD, JJ.

ORDER

PER CURIAM:

Direct appeal from jury conviction for
stealing in violation of § 570.030 RSMo
1978.

Judgment affirmed.

■■■■■■■■■■■■■■■■■■■■■■

James J. Knappenberger, Clayton, for respondent-appellant.

Sidney A. Thayer, Jr., Washington, for petitioner-respondent.

SNYDER, Judge.

Appellant, Asa Garrison, appeals from the parties' dissolution of marriage decree. Appellant raises several points on appeal. Appellant contends the trial court erred in: (1) refusing to permit appellant to call two witnesses whose names were not disclosed in answers to interrogatories; (2) in failing to make a finding on what constituted marital property and failing to set a specific value for the marital property, which resulted in an unfair division; and (3) in awarding of maintenance and attorney fees to respondent. Appellant does not challenge the dissolution of the marriage itself. The judgment is affirmed.

The parties married on September 8, 1956 and separated in June, 1980. They had four children, all of whom were emancipated at the time respondent commenced this action.

Appellant's first point is that the trial court erred in refusing to allow appellant to call two witnesses whose names had not been disclosed in answers to interrogatories.[1] The point is ruled against appellant.

■■■ "The trial court is vested with wide discretion to administer the rules of discovery and the admission or exclusion of testimony, when such testimony is challenged, on the basis that it has not been disclosed by answers to interrogatories." *Bethell v. Porter,* 595 S.W.2d 369, 377[10] (Mo.App.1980); *Algur v. Zylich,* 390 S.W. 2d 553, 556[2-3] (Mo.1965). This court finds nothing in the record to indicate any abuse of discretion in this case.

■■■ Appellant contends that the duty to disclose witnesses only applies to expert witnesses. Appellant is correct. Rule 56.-01(b)(4). However, the interrogatory asked if appellant knew of anyone who had knowledge of the marital conduct of the parties. Such a question is a proper interrogatory, and appellant had a duty to answer it. Rule 56.01(b)(1). Further appellant had a duty to supplement his answer if he later uncovered someone who had knowledge. Rule 56.01(e)(1)(A). Exclusion of the evidence was one of the proper remedies available to the trial court for appellant's failure to meet this duty. The point is denied. *Everett v. Morrison,* 478 S.W.2d 312, 314[2, 3] (Mo.1972); *Hilmer v. Hezel,* 492 S.W.2d 395, 397[5] (Mo.App.1973); *Aulgur v. Zylich, supra.*

Appellant's remaining points relied on are also without merit. Under the standard of review dictated by *Murphy v. Carron,* 536 S.W.2d 30, 32[1-3] this court finds that the trial court's judgment was supported by substantial evidence, was not against the weight of the evidence and contained no erroneous declaration or application of the law.

The judgment is affirmed in compliance with Rule 84.16(b).

REINHARD, P.J., and CRIST, J., concur.

■■■■■■■■■■■■■■■■■■■■■■

---

1. Appellant gave no answer to the interrogatory in question.