Charlotte **MANAHAN,** Appellant,

v.

Robert **WATSON,** Respondent.

No. 45472.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 19, 1983.

Daniel R. Devereaux, St. Louis, for appellant.

Robert Ely, St. Louis, for respondent.

DOWD, Chief Judge.

Plaintiff-appellant Charlotte Manahan brought suit for personal injuries she suffered as a result of a four car chain collision on November 26, 1976. The jury returned a verdict for defendant and plaintiff appeals from the judgment entered thereon. We reverse and remand this case to the trial court.

Appellant was a passenger in a car being driven by her daughter, Kathleen Manahan Veber. The traffic on this cloudy November day was stop and go and the pavement was wet. Appellant testified that her daughter's car had been stopped two to four seconds at a red light before she felt the impact of respondent's car from behind. The force of the collision propelled the car in which appellant was riding forward, forcing it to collide with the two cars in front of her. Appellant was taken by ambulance to St. John's Mercy Hospital and treated in the emergency room for a large cut to her head and swelling of her arm, breast, back and face.

On November 10, 1978, appellant sent interrogatories to respondent, requesting the name and address of any expert witness respondent planned to use in his defense, and the subject matter about which the expert was expected to testify. These interrogatories were never answered. On the last day of trial, Wednesday, December 16, 1981, respondent called an expert witness to testify on physics and motion. The trial court, over the appellant's objection, allowed this expert to testify.

Appellant raises four points on appeal. The first point is dispositive of this case, however, we will also discuss the second point since the issue will likely reoccur in the retrial. In her first point, appellant maintains that to allow respondent's expert to testify, under the circumstances, was an abuse of the trial court's discretion which resulted in prejudicial error. We agree.

■ It is well established that the trial court has broad discretion to choose a course of action during trial when evidence is challenged on the ground that it has not been disclosed by answers to interrogatories. In the sound exercise of that discretion, the trial court may admit or reject such evidence, or otherwise determine and impose appropriate sanctions for violations of rules governing interrogatories. *Aulgur v. Zylich*, 390 S.W.2d 553, 556 (Mo.App. 1956).

■ The Missouri Rules of Civil Procedure impose a continuing obligation on parties to supplement their responses to written interrogatories with regard to the identity of each person expected to be called as an expert witness at trial and the general nature of the subject matter on which the expert is expected to testify. Rule 56.-01(e)(1). In the instant case, although respondent contacted his expert on Monday, December 14, 1981, he withheld this information until the last possible moment, when he called his witness in open court on Wednesday, December 16, 1981. We find that appellant was unduly misled by respondent's failure to inform her of his expert witness and consequently, unfairly surprised at trial. Because respondent had a duty to answer appellant's interrogatories with regard to the name and subject matter on which his expert is expected to testify and nevertheless failed to do so, we find that the trial court abused its discretion in allowing the introduction of this testimony into evidence. *Garrison v. Garrison,* 640 S.W.2d 179, 180 (Mo.App.1982).

■ Appellant's second point is that the trial court erred in allowing respondent to read before the jury certain alternative pleadings directed to dismissed parties. We agree.

This lawsuit arose as a result of a four car chain collision in which appellant was the third car in line at a stoplight. Appellant's original petition pleaded alternative acts of negligence against the drivers of the three other vehicles, claiming that the two cars in front of her made sudden stops and that respondent collided with the rear of the car in which appellant was a passenger. Appellant subsequently dismissed her claims against the drivers of the two cars in front of her and proceeded at trial against respondent alone. Before the close of his case, respondent sought to read to the jury the pleadings filed against the two dismissed defendants. The trial court overruled appellant's objection and allowed these pleadings to dismissed parties to be read into evidence.

In Missouri, the general rule applied in cases involving multiple pleas is that a pleading on one issue may not be used as an admission upon another issue in the same case. Since the pleas do not possess the characteristics inherent in admissions against interest, they cannot in these circumstances be used to impeach or discredit a party witness. *Johnson v. Flex-O-Lite Mfg. Corp.,* 314 S.W.2d 75, 79 (Mo.1958).

■ Although pleadings are generally inadmissible in evidence in the same trial, this is not true of abandoned pleadings, or pleadings in another lawsuit. *Littell v. Bi-State Transit Development Agency,* 423 S.W.2d 34, 39 (Mo.App.1967). However, we are not here dealing with abandoned pleadings, but pleadings directed to abandoned parties. Appellant's counts against the dismissed parties were permissible multiple pleas, and a plea against one defendant may not be used in evidence against the plaintiff by another defendant. *Littell v. Bi-State Transit Development Agency,* 423 S.W.2d at 39.

■ The court in *Johnson v. Flex-O-Lite Mfg. Corp.* recognizes a possible exception to the exclusionary rule where a party witness has testified contrary to a purely factual allegation of his pleadings. In the case at bar, although appellant alleged in her petition that the dismissed defendants brought their vehicles to a "sudden stop," appellant did not testify regarding the manner in which the dismissed defendants stopped. Appellant testified that her daughter's car had been stopped two to four seconds before it was hit from the rear, but she did not testify as to how the vehicles in front of her stopped. Therefore, we find that appellant did not testify contrary to a purely factual allegation of her pleadings.

The object of each set of pleadings or counts is to raise and to define the separate issues, and any use of one plea to contradict the other would, to that extent, defeat this object and prevent the trying of the plea made. Thus, in order to secure for each of these pleas an independent investigation, it becomes necessary, during the trial, to ignore the existence of the other pleas in the

same case. *Macheca v. Fowler,* 412 S.W.2d 462, 465 (Mo.1967). We therefore hold that appellant had the right to try her case on the issues made against this defendant without regard for the charges previously made against the two voluntarily dismissed defendants. *Johnson v. Flex-O-Lite Mfg. Corp., supra.*

Judgment reversed and remanded.

SNYDER, P.J., and KAROHL, J., concur.