Robert COALE, d/b/a Robert Coale Const. Co., Plaintiff-Respondent,

v.

Rolla RICKARD et al., Defendants-Appellants.

No. 36635.

Missouri Court of Appeals, St. Louis District, Division Four.

July 20, 1976.

**152**

McIlrath, Black & Williams, Gary R. Black, Sr., Flat River, for defendants-appellants.

Charles G. Hyler, Farmington, for plaintiff-respondent.

SMITH, Chief Judge.

Defendants appeal from a judgment of $1353.95 plus interest against them in a court-tried contract case. The judgment also found in favor of plaintiff on defendants' counterclaim.

The suit arose from a written contract by which plaintiff agreed to "erect, build, finish and complete in a good sound workmanlike manner in accordance with proposal with" defendants an addition to defendants' home. The contract was for a total price of $9644.00 payable "40% when roof is on; 40% when drywall and painted; 20% on completion." The first two installments were paid. The balance due, after several adjustments was $1353.95.

Defendants contended that the work called for in the contract was not completed, and that it was done in an unworkmanlike manner contrary to the express terms of the written contract. The counterclaim was based upon the cost to defendants of remedying plaintiff's failures under the contract.

■ We deal initially with plaintiff's motion to dismiss the appeal. He first contends that defendants' motion for new trial did not adequately preserve anything for review. As we stated in *South Side Plumb-*

*ing v. Tigges,* 525 S.W.2d 583 (Mo.App.1975) [1]:

"As a motion for new trial need not be made at all, [in a court-tried case] the filing of one which is imperfect should not prejudice the appellant's position on appeal."

■ Plaintiff also requests dismissal because of alleged inadequacies in defendants' statement of facts in their brief. While the statement is not a model, it is not sufficiently deficient to warrant dismissal. The motion to dismiss is denied.

■ We need not deal at length with the many claimed inadequacies in plaintiff's performance. The burden is upon plaintiff to show that he completed the contract as written. *Modern Heating Co. v. Florida Land & Fruit Co.,* 228 S.W. 1079 (Mo.App. 1921); *Brush v. Miller,* 208 S.W.2d 816 (Mo. App.1948). The proposal attached to the contract calls for: "½ drywall in new addition-plastered and painted." Plaintiff admitted the ½ inch drywall was not plastered. The following question and answer then appears:

"Q. All right. So according to this proposal we haven't completed the contract in accordance with the terms as of this date, have we?

A. Right."

■ There was considerable additional testimony by plaintiff indicating his lack of knowledge whether all of the work called for in the contract had in fact been completed, but review of that evidence is unnecessary in view of his clear admission set forth above. His cause of action was based solely on his contract and his right to recover the balance under that contract was dependent upon his completion of the contract. Because, by his own admission he has not completed the contract, and has not sought recovery upon any theory of prevention or frustration, he has failed to establish his right to recovery.

■ Defendants' evidence dealt with a series of alleged failures in plaintiff's performance. Some of these were not matters covered by the contract, some were matters

corrected before the work was completed, and some were not clearly shown to be failures or unworkmanlike. No effort was made to establish the cost of repair or replacement of each of the alleged failures separately. The only evidence of damages was the testimony of an expert that based on "defects" he observed that "it'd run between three and $4000."

Under our appellate review in a court-tried case, (See Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30 (Mo.1976)) we cannot conclude that the judgment of the trial court on the counterclaim was against the weight of the evidence, nor do we have a firm belief that judgment is wrong.

Judgment for plaintiff on his petition reversed, judgment for plaintiff on defendants' counterclaim affirmed.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.