[Civ. No. 38985. First Dist., Div. One. Sept. 14, 1977.]

LOUISE RIEMER et al., Plaintiffs and Respondents, v.
GEORGE HART, as Chief of Police, etc., et al.,
Defendants and Appellants.

COUNSEL

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Clifford K. Thompson, Jr., and Martin S. Kaye, Deputy Attorneys General, for Defendants and Appellants.

Charles C. Marson, Margaret C. Crosby, Alan L. Schlosser, Sidney Wolinsky, Michael P. Moore, Michael H. Kalkstein and Dennis Roberts for Plaintiffs and Respondents.

OPINION

**ELKINGTON, J.**—The instant appeal is taken by the City of Oakland and by George Hart, its chief of police (hereafter, collectively, the City), from an order of the superior court directing issuance of a *revised* preliminary injunction calculated to restrain certain · police

practices in the enforcement of the state's so-called anti-prostitution statute found in Penal Code section 647, subdivision (b). It had been contended by plaintiffs that the subject police practices constituted invidious discrimination against females, in contravention of the equal protection of the laws and other rights secured to all persons by the state and federal Constitutions.

The relevant facts of the appeal are uncontroverted.

In the same action the superior court had previously determined that the police practices here at issue were constitutionally improper, and ordered a preliminary injunction. Upon an appeal from that order another division of this court, in an unpublished opinion, affirmed the order insofar as it held the subject police practices to be constitutionally proscribed. But the court nevertheless reversed the order for the reason that it was vague and overbroad. Thereafter, December 18, 1975, the superior court entered an order for a revised preliminary injunction restraining the same police practices. It is the latter order from which the appeal now before us is taken.

The City, among other things, has urged in the superior court and in this court that a change in the law, brought about by *In re Elizabeth G.* (1975) 53 Cal.App.3d 725 [126 Cal.Rptr. 118] since the earlier appellate decision of this case, mandates reversal of the superior court's revised preliminary injunction. Plaintiffs respond that the earlier appellate decision of the instant action, according to well-established principles, must be followed as the *"law of the case"* (italics added). (See generally, 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 633-652, pp. 4552-4570.)

Pending the instant appeal the state's Supreme Court decided the case of *People* v. *Superior Court (Hartway)* (1977) 19 Cal.3d 338 [138 Cal.Rptr. 66, 562 P.2d 1315]. There, different parties had raised the same constitutional issues in relation to the same practices of the City of Oakland's Police Department as are presently before us. The high court held the questioned police conduct to be without constitutional flaw.

■ We are confronted with conflicting authority. Under the law of the case as established by this court's earlier decision, the City of Oakland's Police Department *shall be restrained* for the there designated constitutional reasons from engaging in the criticized law enforcement practices. But *People* v. *Superior Court (Hartway), supra,* after considera-

tion of identical constitutional arguments, has held that the same police practices of the City of Oakland *shall not be so restrained.*

We find controlling two other cases of the high court.

*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937], tersely, but eloquently, reminds us that: "Under the doctrine of *stare decisis,* all tribunals exercising inferior jurisdiction are required to follow decisions of courts exercising superior jurisdiction. Otherwise, the doctrine of *stare decisis* makes no sense. The decisions of this court are binding upon and must be followed by all the state courts of California. . . . Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court."

And *People* v. *Triggs* (1973) 8 Cal.3d 884, 890-891 [106 Cal.Rptr. 408, 506 P.2d 232], asserts: "Our statements of the law remain binding on the trial and appellate courts of this state . . . and must be applied wherever the facts of a case are not fairly distinguishable from the facts of the case in which we have declared the applicable principle of law."

Here the facts of the case at bench are not only "not fairly distinguishable from the facts" upon which the decision of *People* v. *Superior Court (Hartway), supra,* 19 Cal.3d 338, was based but, as indicated, they are concededly the same facts, i.e., the City of Oakland's police practices there held to be constitutionally permissible.

It is further noted that the courts of this state have come to regard the doctrine of law of the case "as one of procedure only from which departure may be justified in the interests of justice." (*People* v. *Shuey* (1975) 13 Cal.3d 835, 846 [120 Cal.Rptr. 83, 533 P.2d 211].) "The principal ground for ignoring the doctrine . . . is an intervening or contemporaneous change in the law . . . ." (*Davies* v. *Krasna* (1975) 14 Cal.3d 502, 507, fn. 5 [121 Cal.Rptr. 705, 535 P.2d 1161].) And another obvious such ground is the avoidance of such incompatible and antipodal judicial decrees as are implicit in plaintiffs' contention.

For these several reasons the superior court's order directing issuance of the revised preliminary injunction will be reversed. It becomes unnecessary to our disposition of the appeal to consider other contentions of the plaintiffs and the City.

The order of December 18, 1975, directing issuance of the revised preliminary injunction is reversed.

Racanelli, P. J., and Weinberger, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.