164 N.J. Super. 68 (1978)
395 A.2d 866
IN THE MATTER OF THE APPLICATION OF RONSON CORPORATION FOR A HELISTOP-PRIVATE USE LICENSE IN BRIDGEWATER TOWNSHIP, NEW JERSEY.
Superior Court of New Jersey, Appellate Division.
Argued October 24, 1978.
Decided November 13, 1978.
*69 Before Judges KOLE and MILMED.
Mr. Irving M. Hirsh argued the cause for appellant Township of Bridgewater (Messrs. Lanigan, O'Connell and Hirsh, attorneys; Mr. Hirsh and Mr. Andrew R. Jacobs on the brief).
Mr. Joel Sondak argued the cause for respondent Ronson Corporation (Messrs. Walder, Steiner & Sondak, attorneys; Mr. Sondak, of counsel; Mr. John A. Brogan on the brief).
Ms. Christine A. Heffner, Deputy Attorney General, argued the cause for respondent Department of Transportation (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Richard A. Herman, Deputy Attorney General, on the brief).
PER CURIAM.
The Township of Bridgewater appeals from an "Adjudication and Order" of the Acting Commissioner of Transportation (Commissioner) adopting the report of the hearing officer in the case and directing the issuance of a Class I Helistop (Private Use) License, with conditions, to respondent Ronson Corporation (Ronson), the helistop to be located on Ronson property in Bridgewater Township.
The presiding (hearing) officer at the public hearing on Ronson's application to the Division of Aeronautics of the Department of Transportation (Department) for the helistop license found, among other things, that
The procedures required by the New Jersey Administrative Procedures [Procedure] Act for publication and notification of the Hearing were complied with, and notice was disseminated to all parties concerned as indicated in the transcript of the Hearing.

*70 The proposed landing site meets the requirements of N.J.A.C. 16:54-4.1 et seq., and has been found satisfactory from a safety point of view by a qualified aeronautical inspector.
In view of (a) the location of the proposed landing site between two major highways [Route 287 and State Highway 22] in an area zoned for general commercial and manufacturing activities, (b) the nature of the area under the proposed approach and departure paths, (c) the estimated frequency of of [sic] use, (d) the restriction of operation to daylight hours only, and (e) the type helicopter to be used, excessive noise is not a significant factor.
The proposed operation does not create an unacceptable fire hazard.
There is no evidence to support a contention that the proposed operation will adversely impact on wildlife.
He concluded:
1. The helistop proposed by Ronson Corporation complies with all requirements of Title 5 [6] of N.J.S.A. and of Subchapter J of Title 16 of the N.J.A.C.
2. An appropriate showing has been made to warrant the issuance of a license, with certain conditions attached in the interest of public welfare and safety.
He recommended:
1. That a Class I Helistop License be issued.
2. That the license be restricted to use during VFR conditions, daylight hours only.
3. That adherence to the approach and departure paths depicted on the sketch marked A-5 in evidence be a condition of licensing.
After reviewing the hearing officer's report and "the exceptions, objections or replies thereto," the Commissioner concurred in and adopted the report and ordered the issuance of the license to Ronson, stipulating that
The license is to indicate that:
a. The site will be used for VFR Daylight Operations Only.
[and]
b. Adherence to approach and departure paths depicted on sketch A-5 in evidence in the transcript of the hearing is a condition of licensing.
This appeal followed.
*71 As described by the hearing officer, the new helistop facility
* * * is located on a strip of land bound on the north by Route 287 and on the south by State Highway 22. The area is zoned General Commercial and Manufacturing. The nearest residential zones begin approximately 800 feet to the northwest across Route 287 and approximately 800 feet to the south across State Highway 22. The proposed landing site is in a paved parking area to the east of the Ronson Corporation building.
The type helicopter to be used is a Bell 206B, and will be employed as transport for executive (and possibly sales) personnel.
The township argues that the Commissioner erred in permitting the helistop license to issue and that he "has no jurisdiction to create an expansion of an Extraordinary Variance by circumventing or ignoring the Local Board of Adjustment."
Following the filing on August 9 of the opinion of the Supreme Court in Garden State Farms, Inc. v. Bay, 77 N.J. 439 (1978), the parties, by leave granted, filed supplemental letter memoranda regarding the impact of that opinion on this appeal. This was followed by appellant township's motion for an order to remand the matter to the Department for its further consideration in keeping with the applicable principles set forth in Garden State Farms. We, nonetheless, heard oral argument and, since "the status of the law in effect at the time of the disposition of a cause by an appellate court governs," S & L Associates, Inc. v. Washington Tp., 35 N.J. 224, 227 (1961), we are now entirely satisfied that the requested remand is required.
While the appellant township and the respondent Department urge the remand, respondent Ronson Corporation argues that this case "is more akin to the P.T. & L. case [State v. P.T. & L. Construction Co., Inc., 77 N.J. 20 (1978)] than it is to the Garden State case," and that there is, accordingly, "no necessity for a remand in this matter." Ronson's reliance on P.T. & L. is misplaced. While the Township Land Use Ordinance does allow as permitted *72 accessory uses in the General Commercial and Manufacturing Zone "[o]ther uses and structures customarily incidental to a principal permitted use," § 12:3-11(2)(a), there has as yet been no administrative or judicial holding as to whether the proposed helistop use is "customarily incidental to [the] principal permitted use" of the Ronson premises. As pointed out in P.T. & L. two determinations must first be made before such a holding can be arrived at.
The first is whether the use is incidental to the main use: does the use "* * * bear a close resemblance and obvious relation to the main use to which the premises are put"? Honigfeld v. Byrnes, 14 N.J. 600, 606 (1954); * * * Second, it must be determined whether a use which is found to be incident to the permitted use is also a customary use. * * * Generally, a use which is so necessary or commonly to be expected that it cannot be supposed that the ordinance was intended to prevent it will be found to be a customary use. [77 N.J. at 26-27].
In P.T. & L. the court, after analyzing the facts and circumstances there involved, concluded that they were sufficient "to bring the [helistop] use within the accessory coverage of the [local zoning] ordinance," and so held. Id. at 29. Here, on the other hand, the required analysis has not been made. And, in fact, there are not sufficient facts in the record to warrant such an analysis. Compare P.T. & L. at 27-29.
Beyond this, while the Commissioner of Transportation has "the ultimate authority as to the placement of aeronautical facilities," Garden State Farms, Inc. v. Bay, supra, 77 N.J. at 454, N.J.S.A. 6:1-29, it is "entirely appropriate" for him "to pay due attention to the lawful zoning expressions of local governments and not act `* * * in an unreasonable fashion so as to arbitrarily override all important legitimate local interests.'" Garden State Farms, supra at 455.
Clearly he [the Commissioner] should, at the very least, acknowledge the relevance of the local zoning ordinance with respect to applications *73 for private heliports and helistops. To this we would add as a material consideration that the Commissioner ought to take into account whether an applicant for a private heliport has availed itself of any right to a variance under the local zoning law[[1]] and whether an application for a variance should be pursued as a helpful procedure for fleshing out the impact of the proposed facility upon neighboring land uses.
These observations are not inconsistent with current thinking with respect to locating helistops and heliports. As the Director of the Division testified at trial, normal administrative procedure is to accommodate the needs and desires of localities in establishing aeronautical facilities; so much so that as a matter of policy the initiative would not ordinarily be taken to place a helistop or heliport within a municipality unless the municipality permitted such a use. [Garden State Farms, Inc. v. Bay] 136 N.J. Super. [1] at 9. Such deference to municipal zoning ordinances expresses the statutory policy to assimilate local land-use decisions, N.J.S.A. 40:55-1.11(c) (currently N.J.S.A. 40:55D-28(b)(4)), tempered by the supervision of the Commissioner. N.J.S.A. 6:1-29. Thus, a failure on the Commissioner's part to weigh conscientiously local interests, to examine carefully whether the proposed avigation facility is compatible with the surrounding land uses and to consult the local ordinances and authorities in making its licensing decision would constitute an abuse of discretion. [Id. at 455-456].
The adjudication and order under review is reversed and the matter is remanded to the Commissioner of Transportation for further proceedings and determination as to Ronson's license application consistent with this opinion and the applicable standards and principles set forth in Garden State Farms, Inc. v. Bay, supra. We do not retain jurisdiction.
NOTES
[1] If it is found that the proposed helistop use is not a permitted accessory use in the zone.