**William C. BETHELL, d/b/a Bethell Plumbing and Heating Co., Respondent,**

**v.**

**Thomas A. PORTER and Lilly M. Porter, Appellants,**

**and**

**Bartlow-Hope Electrical Corp., Respondent.**

**No. KCD 30427.**

Missouri Court of Appeals, Western District.

Feb. 4, 1980.

Motion for Rehearing and/or Transfer Denied March 3, 1980.

Application to Transfer Denied April 8, 1980.

---

Kranitz & Kranitz, St. Joseph, for appellants.

Bauman & Liles, St. Joseph, for respondent William C. Bethell.

R. Dan Boulware, Watkins, Boulware & Lucas, St. Joseph, for respondent Bartlow-Hope Electrical Corp.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

This is an action to enforce mechanics liens pursuant to a building contract. The jury entered judgment for respondents upon their liens and against appellants on their counterclaims. This appeal followed the overruling of a timely filed motion for new trial. The judgment is affirmed.

Appellants allege six points ·of error. These allegations are (1) the trial court erred in giving the verdict directing instructions because the instructions omitted the element of workmanlike manner of performance; (2) the court erred in its failure to instruct the jury to find that charges for work outside the contract, referred to as "extras" were reasonable; (3) the trial court erred in giving the form of the verdict instruction that it gave; (4) the trial

court committed additional error in giving the verdict directing instructions because the term "agreements" within the wording of these instructions assumed the requirement of a certain sum to be paid for the extra work; (5) the trial court erred in giving a verdict directing instruction, which related to separate respondent Bartlow-Hope Electrical Corp.,[1] because recovery by Bartlow was barred by its admission that the work had not been completed; and (6) the trial court abused its discretion in sustaining respondents' objection to the testimony of appellants' witness upon appellants' failure to answer the interrogatory concerning the expert status of the witness.

The evidence reveals respondents performed plumbing, heating and electrical work in the construction of appellants' home. A Mr. Stanley Dymond was the general contractor. Respondents had direct contact with appellants concerning the work to be performed, and each respondent separately entered into an oral contract with appellants regarding the work to be performed and the price to be paid. Plans and specifications for the work were provided by Mr. Dymond.

In addition to the original contracts, the evidence revealed appellants orally requested other work be done, and this was performed by respondents. This became known as the "extras", and a dispute between the parties regarding what constituted the extras developed.

Respondent Bethell Plumbing and Heating Co., (hereinafter referred to as Bethell) filed its lien under date of March 30, 1976. Respondent Bartlow filed two liens under the dates of April 16, 1976 and May 7, 1976. In addition to its claim against appellants, respondent Bethell joined respondent Bartlow as a separate defendant, claiming a superior lien over and against respondent Bartlow. Bartlow filed its separate answer to Bethell's petition and a cross-petition against Bethell and appellants. Bethell filed its answer to the cross-petition of Bartlow.[2]

Appellants filed their answer to Bartlow's cross-petition and filed a counterclaim against Bartlow. Appellants also filed their answer to Bethell's petition and a counterclaim against Bethell. There followed an amendment of the counterclaim, to which both respondents timely filed responsive pleadings. The issues were joined.

Following the submission of the evidence, instructions to the jury were given. Since four of appellants' alleged errors attack three of the instructions specifically, these instructions are set forth verbatim:

### "INSTRUCTION NO. 4

Your verdict must be for plaintiff William C. Bethel [sic] on William C. Bethel's [sic] claim against defendants Thomas A. Porter and Lilly M. Porter, if you believe:

First, William C. Bethel [sic], in good faith, substantially performed the work required by them pursuant to his agreements with Thomas A. Porter and Lilly M. Porter, and

Second, Defendants Thomas A. Porter and Lilly M. Porter have not paid the amount required by said agreements."

### "INSTRUCTION NO. 7

Your verdict must be for defendant Bartlow-Hope on Bartlow-Hope's claim against defendants Thomas A. Porter and Lilly M. Porter, if you believe:

First, Bartlow-Hope, in good faith, substantially performed the work required by them pursuant to their agreements with Thomas A. Porter and Lilly M. Porter, and

Second, defendants Thomas A. Porter and Lilly M. Porter have not paid the amount required by said agreements."

### "INSTRUCTION NO. 16

You are instructed that nine or more jurors may return a verdict for any party in

---

1. Bartlow-Hope Electrical Corp. will be referred to as Bartlow throughout this opinion.

2. It was agreed between the parties that the validity of the liens and their priority was to be determined by the court and the only issue for jury determination was that of damages.

this case. If all of you agree upon a verdict, the foreman alone will sign it, but if your verdict is returned by nine or more and less than twelve jurors, your verdict must be signed by all the jurors who agreed to it.

### Forms of Verdict

If all of you agree upon a verdict in favor of plaintiff Bethel [sic] on his claim against the defendants Thomas A. Porter and Lilly M. Porter, it may be in the following form:

'We, the jury, find the issues in favor of the plaintiff Bethel [sic] against Thomas A. Porter and Lilly M. Porter and assess his damages as follows: On original agreement $_____ (here insert the amount or if none write the word "none"). For extra work $_____ (here insert the amount or if none write the word "none").

_____ Foreman.'

If all of you agree upon a verdict in favor of the defendants Thomas A. Porter and Lilly M. Porter on plaintiff Bethel's [sic] claim against them, it may be in the following form:

'We, the jury, find the issues in favor of defendants Thomas A. Porter and Lilly M. Porter on plaintiff Bethel's [sic] claim against them.

_____ Foreman.'

If all of you agree upon a verdict in favor of defendant Bartlow-Hope on their claim against the defendants Thomas A. Porter and Lilly M. Porter, it may be in the following form:

'We, the jury, find the issues in favor of the defendant Bartlow-Hope against the defendants Thomas A. Porter and Lilly M. Porter and assess their damages as follows: On original agreement $_____ (here insert the amount or if none write the word "none"). For extra work $_____ (here insert the amount or if none write the word "none").

_____ Foreman.'

If all of you agree upon a verdict in favor of the defendants Thomas A. Porter and Lilly M. Porter on defendant Bartlow-Hope's claim against them, it may be in the following form:

'We, the jury, find the issues in favor of defendants Thomas A. Porter and Lilly M. Porter on defendant Bartlow-Hope's claim against them.

_____ Foreman.'

If all of you agree upon a verdict in favor of defendants Thomas A. Porter and Lilly M. Porter on their claim against the plaintiff Bethel [sic], it may be in the following form:

'We, the jury, find the issues in favor of defendants Thomas A. Porter and Lilly M. Porter against the plaintiff Bethel [sic] and assess their damages at $_____ (stating the amount).

_____ Foreman.'

If all of you agree upon a verdict in favor of plaintiff Bethel [sic] on defendants Thomas A. Porter and Lilly M. Porter's claim against him, it may be in the following form:

'We, the jury, find the issues in favor of plaintiff Bethel [sic] on defendants Thomas A. Porter and Lilly M. Porter's claim against him.

_____ Foreman.'

If all of you agree upon a verdict in favor of the defendants Thomas A. Porter and Lilly M. Porter on their claim against the defendant Bartlow-Hope, it may be in the following form:

'We, the jury, find the issues in favor of defendants Thomas A. Porter and Lilly M. Porter against the defendant Bartlow-Hope and assess their damages at $_____ (stating the amount).

_____ Foreman.'

If all of you agree upon a verdict in favor of defendant Bartlow-Hope on defendants Thomas A. Porter and Lilly M. Porter's claim against them, it may be in the following form:

'We, the jury, find the issues in favor of defendant Bartlow-Hope on defendants Thomas A. Porter and Lilly M. Porter's claim against them.

_____ Foreman.' "

Appellants' first point of error attacks the wording of instruction no. 4 and instruction no. 7 for the failure of those instructions to contain the essential element that the work performed by respondents was performed in a workmanlike manner.

Respondents counter this first argument by pointing out that appellants did not preserve the point for appeal upon failure to object to the omission for workmanlike manner, either at trial or in their motion for new trial.

Appellants cite *Vic Koepke Excav. & Gr. Co. v. Kodner Dev. Co.,* 571 S.W.2d 253 (Mo. banc 1978) and *Forsythe v. Starnes,* 554 S.W.2d 100 (Mo.App.1977). It is necessary to consider these two cases although, as will be seen, neither is dispositive of this point. As is contended by respondents, the instructions in the instant case parallel the *Forsythe v. Starnes, supra,* decision. In the *Forsythe v. Starnes* case, the court concluded that the failure of plaintiff's instructions to include an essential element could be cured by an instruction given by the opposing party.

Appellants also cite *Vic Koepke Excav. & Gr. Co. v. Kodner Dev. Co., supra,* and more detailed consideration must be given this case because of the uniqueness in timing that occurred between the instant case and the *Koepke* decision.

The jury returned its findings on the issue of damages in favor of respondents on the lien claims and against appellants on their counterclaims. Appellants filed their motion for new trial on June 7, 1978. The court overruled appellants' motion for new trial and entered judgment on August 21, 1978. On September 12, 1978, the State Supreme Court handed down its unanimous decision in the case of *Vic Koepke Excav. & Gr. Co. v. Kodner Dev. Co., supra.*

Appellants raise the rule in the *Koepke* case for the first time on this appeal. Respondents' position is, of course, that by not objecting to the form of the instruction upon trial, or by not raising the issue of

"workmanlike performance" in appellant's motion for new trial, this particular assignment of error was not preserved for review. Respondents further argue that the element of workmanlike performance was incorporated with appellants' instructions and pursuant to the rule of *Forsythe v. Starnes, supra,* the omission was cured.

Determination of this issue necessitates the interpretation given to the *Koepke* case. The question is: If *Koepke* made a substantive change in the law and overruled the prior substantive law, is it applicable to the instant case?

Without doubt, the decision in *Koepke* requires a plaintiff seeking to recover on a contract for building or construction services to plead, prove and instruct, as part of his cause of action, that his services were performed in a workmanlike manner. The question that this case presents is whether or not this was a substantive change in the law.

By the wording within the opinion, it must be concluded no substantive change was made. The court, in *Koepke,* at 257, held:

"Our decision does not change the burden of proof in contract actions. The burden of proof is on the plaintiff with respect to compliance with the contract provision of workmanlike performance."

(It follows by inference that instructions are procedural in nature, see *Roth v. Roth,* 571 S.W.2d 659 [Mo.App.1978].)

The court pointed out that this requisite as a part of plaintiff's burden of proof had been declared previously in the cases of *Honig Construction Co. v. Szombathy,* 345 S.W.2d 111 (Mo.1961) and *Baerveldt & Honig Const. Co. v. Szombathy,* 365 Mo. 845, 289 S.W.2d 116, 120 (1956).[3] The court was not unmindful of the decision in *Brush v. Miller,* 208 S.W.2d 816 (Mo.App.1948), which held a defendant could not show the work was done in an unworkmanlike manner unless he pleaded such defense and where the

3. The question of sufficient evidence on workmanlike performance was not raised and the record reflects evidence of good and sufficient performance according to the exact plan and design of appellant's home.

defense was a mere general denial, the plaintiff needed only to prove the fact of performance and was not required to also prove performance in a good and workman-like manner.

In citing the two *Honig* cases, the court, in *Koepke*, declared the ruling in *Brush v. Miller, supra*, was not correct, and to the extent that *Brush v. Miller* holds otherwise, it is not to be followed.

Assuming arguendo that *Koepke* made a substantive change, then the answer to the first point of error would be different. This would be occasioned because of the retroactive applicability of *Koepke* to the instant case.

There is always a problem which arises when substantive law is changed during the pendency of proceedings. The courts must contend and have contended with this problem.

█ Missouri has adopted the substantive versus the procedural rule, which provides that if there be a subsequent overruling decision dealing with substantive principles of law, then the subsequent decision is retroactive in effect, see *Roth v. Roth, supra*, citing *Shepherd v. Consumers Cooperative Association*, 384 S.W.2d 635 (Mo. banc 1964); *Missouri Pacific Rd. Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978); *Barker v. St. Louis County*, 340 Mo. 986, 104 S.W.2d 371 (1937); see also *Dietz v. Humphreys*, 507 S.W.2d 389 (Mo.1974).

That other jurisdictions have adopted the rule that if by court decision a rule of law changes during the pendency of appeal, the reviewing court applies the law at the time of its decision, see *Hendeles v. Sanford Auto Auction, Inc.*, 364 So.2d 467 (Fla.1978); *Security Mut. Cas. Co. v. Harbor Ins. Co.*, 65 Ill.App.3d 198, 21 Ill.Dec. 707, 382 N.E.2d 1 (1978); *Application of Ronson Corp.*, 164 N.J.Super. 68, 395 A.2d 866 (1978); *Riemer v. Hart*, 73 Cal.App.3d 293, 142 Cal.Rptr. 174 (1977); *Smalley v. Assoc. Transport Inc.*, 52 A.D.2d 979, 383 N.Y.S.2d 108 (1976); *Delta Brands Inc. v. Borden Metal Products Co.*, 570 S.W.2d 1 (Tex.Civ.App.1978), writ ref'd n. r. e., 570 S.W.2d 876 (Tex.1978).

That same rule has been applied to administrative decisions, see *Chrysler Corp. v. New Motor Vehicle Bd.*, 89 Cal.App.3d 1034, 153 Cal.Rptr. 135 (1979).

█ It being found that *Koepke, supra*, has no application to the instant case, the rule as prescribed in *Forsythe v. Starnes, supra*, controls the instant case upon the prescribed facts herein. Appellants have failed, as argued by respondents, to preserve the point for review by this court as required by Rule 78.07, and point one is ruled against appellants.

Appellants allege error because of the trial court's failure to instruct the jury on the issue of reasonableness of charges for the extra work performed. Appellants, in argument on this point, cite *Baker v. Pulitzer Pub. Co.*, 103 Mo.App. 54, 77 S.W. 585 (1903) and *Cooper v. Norman*, 424 S.W.2d 347 (Mo.App.1967), which provide us with the broad principle that the measure of recovery for extra work is based upon the reasonable value of materials and labor.

█ However, the question in the instant case is whether or not prejudicial error was committed in not instructing the jury on this issue. This court finds it was not. The reason for this is the lack of dispute in the evidence upon the question of value for labor and material for the extras.

█ The record shows appellants testified upon direct and cross-examination regarding the specific items claimed to be extras. Appellants admitted some items and denied others as being extras. This testimony did not challenge the amounts or charges, which Jerry Bartlow (of Bartlow-Hope Electrical Corp.) earlier testified were reasonable. The result was that upon the question of reasonableness of price, there was no contradicted testimony on this point. That the court might assume undisputed or uncontradicted facts, see *Celatron, Inc. v. Cavic Engineering Co.*, 432 S.W.2d 794, 799 (Mo.App.1968). Where such facts are not in dispute, it is not necessary that verdict directing instructions require a jury to ascertain such facts. See *Cline v. Carthage Crushed Limestone Co.*, 504 S.W.2d 102, 112

(Mo.1973) and *Bender v. Colt Industries, Inc.*, 517 S.W.2d 705, 709 (Mo.App.1974).

This was a suit on a breach of contract, and MAI 26.02 (Modified) was the proper instruction and the instruction given by the court.

Point two is ruled against appellants.

▪ As to the third point of error, appellants allege the trial court erred in the giving of the form of verdict instruction (no. 16 upon the record) because said instruction allowed the jury to award a sum for "extra" work, when in fact, no proper verdict directing instruction for extra work was submitted to the jury.

As it was stated under point two above, the verdict directing instructions given in this case were in proper form under and pursuant to the evidence and the law applicable to this case.

Appellants contend the form of verdict instruction mandates a separation of the issues, while the verdict directing instruction does not require a separate finding. A reading of the instruction and the record of the evidence fail to support appellants contention. The term "agreements" as referred to in instructions nos. 4 and 7 fairly refers to the original agreement and the "extras" that were entered into between the parties, and instruction no. 16 properly permits a breakdown of the damages between the original contract and the extra work.

Point three is ruled against appellants.

▪ The succeeding point, point four, alleges error in submission of instructions nos. 4 and 7 in that said instructions mislead the jury because they assume multiple agreements, and that the instructions require a finding that certain sums were required to be paid. As has been pointed out above, instructions nos. 4 and 7 have been found to be in proper form as verdict directing instructions. Both the verdict directing instructions and the form of verdict instructions take into account the original contract and the extras. The form of verdict instructions permits a finding by the jury upon either or both the original contract and/or the extras. Appellant contends the verdict directing instructions do not require a separate finding of the original contract and the extras. A fair reading and interpretation of those two instructions leads to the inescapable conclusion that by the use of the term "agreements", the jury was properly instructed upon both the original agreement and the extras. Such wording was consistent with the form of verdict instructions. Thus, it cannot be said that this was prejudicial error. Point four is ruled against appellant.

▪ As to their fifth point of error, appellants contend that the giving of instruction no. 7 was error because respondent Bartlow judicially admitted the noncompletion of the work; and that by his admission that he did not expect to be paid until the work was completed, respondent Bartlow is barred from recovery upon the original contract.

This point of error goes to the issue of substantial performance. It must be pointed out that respondent Bartlow discontinued work under the original agreement at a point where appellants had not paid Bartlow for work performed to date under their agreement. The evidence shows respondent Bartlow recognized his obligation to complete the remaining work if he was to receive payment for it.[4]

There was sufficient evidence to warrant a finding by the jury that respondent Bartlow had substantially performed under the original contract. That substantial performance (and not total freedom from omission or fault) based upon good faith performance, will support recovery, see *Forsythe v. Starnes, supra; Talbot-Quevereaux Const. Co. v. Tandy*, 260 S.W.2d 314 (Mo. App.1953); *Vic Koepke Excav. & Gr. Co. v. Kodner Dev. Co., supra;* and 17 Am.Jur.2d *Contracts* § 375 (1964).

---

4. The evidence shows that as against the total original contract, there remained only eight hours of work.

Appellants cite *Coale v. Rickard*, 540 S.W.2d 151 (Mo.App.1976). That case can be distinguished in that the plaintiff-contractor had expected payment under the contract for items not completed, and that payment was expected without any showing of completing the work prior to payment. In the instant case, the evidence shows respondent Bartlow did not expect payment prior to completion, but rather Bartlow acknowledged responsibility to complete the work prior to payment.

Point five is ruled against appellants.

For their final point of error, appellants contend the trial court erred, as an abuse of its discretion, in sustaining respondents' objection to the testimony of a certain witness on behalf of appellants. The objection was sustained upon the failure by appellants to answer a specific interrogatory. This interrogatory requested the name of experts who would testify in appellants' behalf.

During pretrial discovery, respondents had asked appellants to list by name the experts which they (the appellants) intended to call. The name of Larry Sprague did not appear on the answer to interrogatories. At trial, appellants tendered Sprague as a witness. Respondents objected on the basis of appellants' refusal or failure to answer the interrogatory. The interrogatory in question reads as follows:

> "If you employed any expert to examine the real estate involved, state the name and address of the expert, the date of his examination, his field of expertise and whether or not he had made a written report of his examination."

Appellants contend the testimony of Sprague related to the deficiencies and inadequacies of plumbing work done by respondent Bethell and what the cost of repair of those items would have been. Appellants contend that Sprague's testimony had nothing to do with the value of the property and hence was outside the scope of the interrogatory.

■ The disposition of this final point rests upon interpretation to be given Rules 56.01, 57.01 and 61.01. The trial court is vested with wide discretion to administer the rules of discovery and the admission or exclusion of testimony, when such testimony is challenged, on the basis that it has not been disclosed by answers to interrogatories. *Aulgur v. Zylich*, 390 S.W.2d 553 (Mo.App.1965).

■ The rules of discovery are designed and interpreted to aid the court and litigants in determining the facts in issue prior to trial, see *Central and Southern Truck Lines, Inc. v. Westfall GMC Truck, Inc.*, 317 S.W.2d 841 (Mo.App.1958).

■ The dispute in the instant case was not one of appraised value of the real property in question. The issue was one of damages, if any, for breach of contract. The tender of evidence represented by Sprague was for and upon the issue of damages. By the same token, the language of the above interrogatory does not, as appellants argue, import the narrow reference of expert to one solely engaged in the valuation of real property.

Pursuant to Rules 56.01, 57.01 and 61.01, and upon the record of the instant case, it cannot be concluded that the trial court abused its discretion in refusing to admit the testimony of Sprague upon the appellants' failure to have answered the tendered interrogatory in pretrial discovery.

Point six is ruled against appellants.

For the reasons set forth herein, the judgment is in all respects affirmed.

PRITCHARD, J., concurs.

SOMERVILLE, P. J., concurs in result.