SEUF, INC., a Missouri Corporation,
Plaintiff-Appellant,

v.

Vance BARTLETT, Defendant-Appellee.

No. WD 33919.

Missouri Court of Appeals,
Western District.

Jan. 3, 1984.

Motion For Rehearing and/or Transfer to Supreme Court Overruled and Denied Feb. 28, 1984.

Application to Transfer Denied March 20, 1984.

Glenn E. Bradford, James F. Ralls, Jr., Kansas City, for plaintiff-appellant.

Jerold L. Drake, Grant City, for defendant-appellee.

Before SOMERVILLE, P.J., and NUGENT and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Plaintiff-appellant Seuf contracted with defendant-respondent, a general contractor to build for plaintiff a Dairy Queen restaurant. Plaintiff sued for damages for breach of the construction contract. A jury verdict against the plaintiff and for the defendant on his counterclaim for breach of the contract resulted in this appeal. The sole issue here is on alleged instructional error; of the respondent's failure to include in his verdict-director (MAI 26.02) an essential element of the counterclaim—excuse for nonperformance. The respondent says this element was presented to and decided by the jury in instructions on the plaintiff's original claim under the petition.

The contract in question called for the plaintiff to pay $139,000 to defendant to build the restaurant. The work was to be completed by August 1, 1978, "unless delay is caused or contributed to by act or neglect of the owner ...," such delay being referred to as 'excusable delay.'" The contract, although acknowledging that plaintiff needed to open the Dairy Queen on August 1 did not provide for liquidated damages. The completion date could be extended because of "excusable delay." Progress payments of 90% were to be made by the plaintiff, after having them approved by the home office of Dairy Queen. If the contractor did not complete the project the owner could terminate the contract, and take over and complete—the cost

**32**

of which was to be paid from money retained from the progress payments, and any balance left over was to be paid to the contractor.

The restaurant was not completed on August 1, 1978, and by April 19, 1979 all the work still not fully completed. The parking lot was not done and several smaller aspects not done. The plaintiff took over and finished the project. It claimed the defendant abandoned the project and failed to complete its part of the contract and the plaintiff prayed for $95,000 damages for breach. The defendant at trial presented evidence the delays were caused by the plaintiff, that he was run off the job by the plaintiff and for other excusable reasons.

The following instructions were submitted:

INSTRUCTION NO. 7

Your verdict must be for plaintiff if you believe:

First, defendant did not complete the Dairy Queen/Brazier on or before August 1, 1978, and

Second, because of such failure, defendant's contract obligations were not performed, and

Third, plaintiff was thereby damaged, unless you believe that plaintiff is not entitled to recover by reason of Instruction Number 8.

MAI 26.02

INSTRUCTION NO. 8

Your verdict must be for the defendant on plaintiff's claim for damages if you believe that each day of delay after August 1, 1978, until April 19, 1979, when the defendant left the site, was an excused delay under the contract.

The phrase "excused delay" as used in this instruction means delay caused by or contributed to by act or neglect of the plaintiff, its agents or employees, change orders, labor disputes, unusual delays in transportation, caused beyond the defendant's control.

MAI 16.04 Modified
MAI 32.25 Modified

INSTRUCTION NO. 12

Your verdict must be for defendant on defendant's claim for damages if you believe:

First, plaintiff did not pay defendant the sums of money due him under the contract, and

Second, because of such failure, plaintiff's contract obligations were not performed, and

Third, defendant was thereby damaged, unless you believe that defendant is not entitled to recover by reason of Instruction Number 13.

MAI 26.02 Modified (1980 Revision)
*Ark Construction Co. v. City of Florissant,* 558 S.W.2d 418 (1977)

INSTRUCTION NO. 13

Your verdict must be for defendant under Instruction Number 12, unless you believe: that plaintiff was entitled to withhold payments to defendant because defendant had not promptly prosecuted the construction of the Dairy Queen/Brazier.

It is the giving of Instruction 12, the defendant's verdict director, that forms the basis of plaintiff's point on appeal—it claims the failure to include in the defendant's instruction any reference to excused delay so as to explain the defendant's failure to complete was fatal to the defendant recovering on the counterclaim. The plaintiff also inferentially says Instruction 12, based on MAI 26.02, was improper for this type of case. These allegations of error are denied and the judgment is affirmed.

Since this was a suit and counterclaim based on breach of contract, MAI 26.02 (modified) was the proper instruction for the jury, *Bethell v. Porter,* 595 S.W.2d 369, 376 (Mo.App.1980). There having been no dispute as to the *meaning* or *interpretation* of the terms of the contract, particularly the only one in question, "excused delay," would not detract from the use of 26.02. *Cf. Reed Stenhouse, Inc. of Missouri v. Portnoy,* 642 S.W.2d 947, 951–52 (Mo. App.1982) (where the argument and proof was directed to the special meaning of the contract term of "lost"). *See* Notes on Use (1980 Revision) MAI 26.02.

The real question here is whether prejudicial error was committed by not including an essential element in the verdict director on the counterclaim. *Bethell, supra,* at 375. The elements of the counterclaim were: (1) a contract; (2) its breach; (3) performance or sufficient excuse for non-performance (the contested element), and (4) damage. The omission of an element is not ordinarily cured by reference to another instruction, *Milliken v. Trianon Hotel Company,* 364 S.W.2d 71, 75 (Mo. App.1962). The exception is provided in the case of *Forsythe v. Starnes,* 554 S.W.2d 100, 106 (Mo.App.1977) which controls this case. In *Forsythe* the court held the error resulting from an omitted element of the plaintiff's case in its instructions was cured when it was submitted to the jury in a defendant's instruction on a counterclaim. As a result the jury was required to make findings on the element so it was not fatal to the plaintiff there because not part of its verdict-director. The same rationale was used in *Parker v. Stern Brothers & Company,* 499 S.W.2d 397, 408 (Mo.1973). There the court found that on the issue of agency, the jury had to make a finding on an another instruction given by another of the parties to the suit, so the "... charges as a whole adequately submitted the issues requested to be determined ...," and failure to submit the issue by another defendant was not error. *Parker, supra,* at 408.

In the case at bar the contested element of "excusable delay" was necessarily addressed by the jury in finding against the plaintiff on its claim under Instruction 7 as conversed by Instruction 8 of the defendant's which defined the term. Any error in not including this element in the defendant's verdict director was not prejudicial.

The plaintiff's assertion that the rule in *Forsythe, supra,* has been changed by *Vic Koepke Excavating & Grading Company v. Kodner Development Company,* 571 S.W.2d 253 (Mo. banc 1978) is not correct. *Koepke* dealt with the issue of "workmanlike performance." The court put the burden of proof on the party seeking recovery on a construction contract to plead and prove compliance with the contract, and said at page 257, the decision made no change in the burden of proof in contract actions. Whether the construction was done in a workmanlike manner was a disputed issue in *Koepke,* and had to be included in the verdict-director since it would affect how much the jury could award. The sole issue here was the reason for delay in not completing the work by the contractor on or before August 1, 1978. There is no question as to whether the contractor sustained the burden of excusability on his counterclaim. As to excusability not being in his verdict-directing instruction, *Forsythe* controls, *Bethell, supra,* at 375, and the charges taken as a whole resulted in no prejudicial error.

The judgment is affirmed.

All concur.